**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No. 18-62833-CIV-COOKE/HUNT

NATIONWIDE VAN LINES, INC.
        Plaintiff,

   v.

TRANSWORLD MOVERS, INC., and
OHAD GUZI, individually.

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

These matters are before this Court on Defendants' Motion for Sanctions, ECF No. 100, and Defendants' Motion for Attorneys' Fees, ECF No. 110. The Honorable Marcia G. Cooke referred this case to the undersigned for all non-dispositive pretrial motions, fees, costs, as well as the specific motions at issue. ECF Nos. 4, 101, 113; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned RECOMMENDS that Defendants' Motion for Sanctions, ECF No. 100, and Defendants' Motion for Fees, ECF No. 110, both be DENIED.

**I.    Background**

Nationwide Van Lines ("Plaintiff") brought this action against Transworld Movers and Omar Ghuzi (collectively "Defendants") alleging federal trademark infringement and unfair competition. This Court granted Defendants' Motion to Dismiss the Second Amended Complaint on the grounds that:

> Plaintiff fail[ed] to show the mark is inherently distinctive so as to avoid the likelihood of confusion. Here, Plaintiff's use of the word 'Nationwide' is used to describe a geographic location and is therefore descriptive. As such, Plaintiff must allege secondary meaning. However, Plaintiff's assertions that the mark is distinctive and acquired a secondary meaning are conclusory.

ECF No. 99. Defendants now move for sanctions pursuant to Federal Rule of Civil Procedure 11 contending that Plaintiff's claims were filed in bad faith and had no reasonable factual basis. ECF No. 100. Defendants also move for attorneys' fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), claiming that this case is one that should be considered as exceptional where the Court may award attorneys' fees to the prevailing party. ECF No. 110. Plaintiff filed a response in opposition to both Motions and Defendants filed replies in support of both Motions. ECF Nos. 120–22, 124.

## II. Defendants' Motion for Sanctions

### A. Parties' Arguments

Defendants first state that they served their Motion for Sanctions in January 2020, therefore complying with procedural requirements of Rule 11. Defendants next argue that Plaintiff's claims had no reasonable factual basis and were filed in bad faith in an effort to deter Defendants from competing with Plaintiff in the same market. Defendants argue that Plaintiff asserted that it has a trademark in the name "Nationwide" in connection with moving services. Defendants argue that the term Nationwide is a geographically descriptive mark and is given a narrow range of protection. Defendants also claim that Nationwide in connection with moving is used extensively and list ten companies that use it.

Defendant then argues that Plaintiff had no evidence or material facts to support its claims and knew so, thus Plaintiff should be sanctioned because it failed to dismiss the action.

Plaintiff's response can be broken down into two categories: 1) procedural arguments; and 2) substantive arguments.  Plaintiff argues that Defendants' Motion fails to comply with Rule 11's procedural requirements for two reasons: 1) Defendants filed a different motion than the one that was served on Plaintiff; and 2) Defendants' failed to file their Motion for Sanctions before final judgment, the order granting the motion to dismiss.

Substantively, Plaintiff argues that its claims were not frivolous because Plaintiff was entitled to a rebuttable statutory presumption that the certificate of registration of the mark was prima facie evidence that the mark was distinctive and protectable.  Plaintiff further contends that its allegations that the mark was protectable was not objectively frivolous because of the registration of the mark, the $600,000 Plaintiff spent in advertising the mark, the thousands of reviews submitted by clients, and the actual consumer confusion that occurred with Plaintiff's clients.

Defendants' reply argues that: 1) Plaintiff could not allege the likelihood of confusion since the mark was geographically descriptive and therefore could not rely on the registration alone to prove its allegations; 2) Plaintiff had no factual basis to allege that the mark obtained secondary meaning prior to Defendants' use; 3) Plaintiff failed to provide the documents relied upon in the CEO's declaration when preparing its complaint and should not be allowed now to show actual confusion; 4) even though the motion served and the motion filed differ in the fact that the motion filed contains three different

3

paragraphs, the primary contentions for seeking sanctions remained the same; and 5) even if the Motion was untimely, this Court can still award sanctions.

    B.  Discussion

*Rule 11 Standard*

Federal Rule of Civil Procedure 11 provides that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

After notice and a reasonable opportunity to respond, the court may impose a sanction if the court determines that Rule 11(b) has been violated.  Fed. R. Civ. P. 11(c)(1).

The court uses a two-step inquiry when evaluating conduct under Rule 11. *Bakerman v. Alderman*, 158 F.3d 515, 524 (11th Cir. 1998).  First, the court must determine "whether the party's claims are objectively frivolous."  *Id.*  Second, the court must determine "whether the person who signed the pleadings should have been aware that they were frivolous*." Id.*

4

"[F]rivolity is not measured by outcome." *JAWHBS LLC v. Arevalo*, No. 15-24176-CIV-GAYLES/TURNOFF, 2017 U.S. Dist. LEXIS 133297, at *11 (S.D. Fla. Aug. 18, 2017).  "[S]anctions are not warranted merely because the evidence is weak." *Id.* at *5. And even if the court determines that a Rule 11(b) violation occurred, the court is not required to impose sanctions because the decision to impose sanctions is a matter for the court's discretion. *Id.*

Rule 11 sanctions must be used to deter repetition of the conduct or comparable conduct by others similarly situated.  Fed. R. Civ. P. 11(c)(4).  "The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions,' and to deter 'costly meritless maneuvers.'" *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001).  "The ultimate goal is deterrence rather than compensation." *JAWHBS LLC*, 2017 U.S. Dist. LEXIS 133297, at *6.

Here, simply pointing out that the Court granted Defendants' Motion to Dismiss does not constitute a showing of frivolity.  Based on the registration, Plaintiff could have believed it had a meritorious case.  Simply because Plaintiff's evidence was weak does not mean that the case was frivolous.  Given the fact that Rule 11 is used as a deterrence rather than for compensation, the undersigned finds that Plaintiff should not be sanctioned because Plaintiff's claims do not rise to the level of frivolity.  Therefore, the undersigned recommends that Defendants' Motion for Sanctions be DENIED.

### III. Defendants' Motion for Attorneys' Fees

As previously mentioned, Defendants also move for attorneys' fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), claiming that this case is one that

should be considered as exceptional where the Court may award attorneys' fees to the prevailing party.

### A. Parties' Arguments

Defendants claim that this case should be deemed exceptional because Plaintiff's case was substantially weak, Plaintiff litigated the case in an unreasonable manner, and that Plaintiff should be deterred from filing future baseless lawsuits.

Unsurprisingly, Plaintiff disagrees and argues that Defendants are not entitled to fees because, at the time of filing the Second Amended Complaint, Plaintiff was entitled to a statutory presumption that its mark was protectable and that Plaintiff had priority over use of the mark. Plaintiff further contends that sufficient evidence existed that the mark acquired distinctiveness or secondary meaning and that Plaintiff used its mark before Defendants, which supports its statutory presumption and the filing of the claims alleged in the Second Amended Complaint.

### B. Discussion

Contrary to the so-called "American Rule" under which parties are generally expected to bear their own cost of litigation, the Lanham Act allows that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the

6

case was litigated." 572 U.S. 545, 554 (2014).[1] Courts have fairly broad discretion in finding what makes an "exceptional case." Courts are instructed to consider the "totality of the circumstances," and, "[a]s in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

The Court in *Octane Fitness* noted that "courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting *Fogerty*, 510 U.S. at 534). Movants bear the burden of demonstrating the exceptionality of their case by the preponderance of evidence. *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 215CV173FTM38MRM, 2017 WL 991481, at *2 (M.D. Fla. Mar. 15, 2017) (citing *Octane Fitness*, 572 U.S. at 557).

C. Analysis

For the same reasons the undersigned did not find frivolity in regard to Defendants' Motion for Sanctions, here too, the undersigned does not find that this case meets the exceptional standard based on the alleged frivolity of Plaintiff's claims.

In regard to Defendants' claim for attorneys' fees pursuant to Florida Statutes Section 495.141, as Plaintiff points out, Plaintiff did not allege a claim for infringement

---

1. Although the *Octane Fitness* case concerned a case brought under the Patent Act, the standard it articulated has been found to also apply to Lanham Act cases. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

under that chapter and therefore fees cannot be awarded pursuant to that statute. Therefore, the undersigned recommends that Defendants' Motion for Fees be DENIED.

## IV. Recommendation

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion for Sanctions, ECF No. 100, and Defendants' Motion for Fees, ECF No. 110, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 4th day of November 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Marcia G. Cooke
All Counsel of Record