**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 18-62833-CIV-COOKE/HUNT**

NATIONWIDE VAN LINES, INC.
　　　　　Plaintiff,

　　　v.

TRANSWORLD MOVERS, INC., and
OHAD GUZI, individually.

　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this Court on Defendants' Motion for Appellate Attorneys' Fees, ECF No. 132. The Honorable Marcia G. Cooke referred this case to the undersigned for all non-dispositive pretrial motions, fees, costs, as well as the specific motion at issue. ECF Nos. 4, 135; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned RECOMMENDS that Defendants' Motion for Appellate Attorneys' Fees, ECF No. 132, be DENIED.

**I.　　Background**

Nationwide Van Lines ("Plaintiff") brought this action against Transworld Movers and Ohad Guzi (collectively "Defendants") alleging federal trademark infringement and unfair competition. This Court granted Defendants' Motion to Dismiss the Second Amended Complaint on the grounds that:

> Plaintiff fail[ed] to show the mark is inherently distinctive so as to avoid the
> likelihood of confusion. Here, Plaintiff's use of the word 'Nationwide' is used
> to describe a geographic location and is therefore descriptive. As such,

> Plaintiff must allege secondary meaning. However, Plaintiff's assertions that the mark is distinctive and acquired a secondary meaning are conclusory.

ECF No. 99.  Defendants previously moved for sanctions pursuant to Federal Rule of Civil Procedure 11 contending that Plaintiff's claims were filed in bad faith and had no reasonable factual basis.  ECF No. 100.  Defendants also moved for attorneys' fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), claiming that this case is one that should be considered as exceptional where the Court may award attorneys' fees to the prevailing party.  ECF No. 110.  The undersigned recommended that both motions be denied, and the District Court adopted and affirmed the Report and Recommendation.  ECF Nos. 125, 130.  During this time, Plaintiff appealed the Court's Order dismissing the action.  ECF Nos. 102, 103.  The Eleventh Circuit affirmed the District Court's dismissal.  ECF No. 133.  The Eleventh Circuit also transferred Defendants' Motion for Attorneys' Fees on Appeal to the District Court for consideration of whether Defendants are entitled to appellate attorneys' fees and the reasonable amount, if any, to be awarded.  ECF No. 131.  The Motion was fully briefed in the Eleventh Circuit: Defendants filed the Motion, Plaintiff filed a Response in opposition, and Defendants filed a Reply.  ECF No. 131.

## II.    Defendants' Motion for Appellate Attorneys' Fees

### A.  Parties' Arguments

Defendants argue that they are entitled to appellate attorneys' fees under the Lanham Act, 15 U.S.C. § 1114(1) because Plaintiff's appeal was "utterly meaningless," thereby qualifying this case as exceptional and warranting an award of appellate attorneys' fees and costs.  Defendants contend that this case qualifies as an exceptional case because Plaintiff's claim that it was the first to use the "Nationwide Van Lines" mark

was untenable; Plaintiff's reliance upon a trademark registration to justify the action was flawed; Plaintiff's claim that its mark was inherently distinctive was weak; Plaintiff's claim that its mark acquired secondary meaning prior to Defendants' use of the mark was baseless; Plaintiff litigated the case in an unreasonable manner; and Plaintiff should be deterred from filing future baseless lawsuits.

Plaintiff responds that this case cannot be deemed an exceptional case because Plaintiff, as a holder of a federally registered mark, could have believed it had a meritorious case.  Plaintiff contends the action was an attempt to fulfill its duty to police and enforce its federal trademark.  In sum, Plaintiff's argument is that it had every right to protect its federally registered trademark.

B.  Discussion

Contrary to the so-called "American Rule" under which parties are generally expected to bear their own cost of litigation, the Lanham Act allows that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).[1]  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  572 U.S. 545, 554 (2014).[2]  Courts have fairly broad discretion in

---

[1].     "Fees incurred on appeal may also be awarded" under the Lanham Act. *See Fla. Int'l Univ. Board of Trs. v. Fla. Nat'l Univ.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017 WL 3610581, at *3 (S.D. Fla. Aug. 11, 2017) (citing *JCW Invs. Inc., v. Novelty, Inc.*, 509 F.3d 339, 341 (7th Cir. 2007)).

[2].     Although the *Octane Fitness* case concerned a case brought under the Patent Act, the standard it articulated has been found to also apply to Lanham Act cases.  *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

3

deciding what makes an "exceptional case."  Courts are instructed to consider the "totality of the circumstances," and, "[a]s in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"  *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

The Court in *Octane Fitness* noted that "courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting *Fogerty*, 510 U.S. at 534).  Movants bear the burden of demonstrating the exceptionality of their case by the preponderance of evidence.  *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 215CV173FTM38MRM, 2017 WL 991481, at *2 (M.D. Fla. Mar. 15, 2017) (citing *Octane Fitness*, 572 U.S. at 557).

"[T]he Eleventh Circuit has repeatedly held that an 'exceptional' case is one which is 'malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists.'"  *Tiramisu Int'l LLC v. Clever Imps. LLC*, 741 F. Supp. 2d 1279, 1294 (S.D. Fla. 2010) (quoting *Welding Servs. V. Forman*, 301 Fed. App'x 862 (11th Cir. 2007)).

"There is no precise rule or formula for determining whether a Lanham Act case is 'exceptional' based on its lack of substantive strength.*" FCOA, LLC v. Foremost Title & Escrow Servs.*, LLC, No. 17-23971-CIV-WILLIAMS/TORRES, 2019 WL 7790856, at *3 (S.D. Fla. Oct. 17, 2019) (quoting *Octane Fitness*, 572 U.S. at 554).  Courts in this District have awarded fees when a claim was found to be objectively baseless.  *See Fla. Int'l Univ. Board of Trs. v. Fla. Nat'l Univ.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017

WL 3610583, at *4 (S.D. Fla. Aug. 11, 2017) (listing cases using the objectively baseless standard), *report and recommendation adopted*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2018 WL 4409885 (S.D. Fla. June 25, 2018).  Courts have described claims as baseless where the case is frivolous and objectively unreasonable or when the plaintiff should have known that the claims were objectively baseless.  *Id.* (citations omitted).  However, courts in this District have declined to award fees where the plaintiff's case is at least colorable.  *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 16-21203-CIV-WILLIAMS/BECERRA, 2020 WL 9460328, at *4 (S.D. Fla. Mar. 6, 2020) (listing cases declining to award fees where the plaintiff's case was colorable); *see also Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 8:13-cv-1732-T-36EAJ, 2015 WL 4887550, at *3 (M.D. Fla. 2015) ("[A]lthough the totality of the evidence supporting the validity of [the] marks was weak, [p]laintiffs' overall case was at least colorable.").

C.  Analysis

Although Plaintiff's appeal may have been based upon weak arguments, the undersigned finds that the appeal and the overall case were at least colorable.  Plaintiff's appeal seems to be based on the contention that the District Court allegedly erred by taking judicial notice of another federal registered trademark and that the allegations made in the complaint only had to provide for relief on any possible theory.  The Eleventh Circuit disagreed; however, what is absent from the Eleventh Circuit's opinion is any suggestion that Plaintiff's claims were objectively baseless.  ECF No. 133.  The Eleventh Circuit noted that Plaintiff's registration of the mark created a presumption that the mark was distinctive as of the date of registration.  However, even with that presumption, the Eleventh Circuit found that the allegations set forth in the complaint failed to create a

plausible inference that Plaintiff's mark acquired distinctiveness before use of the mark by Defendants.  *Id.* at 9 ("But because [Plaintiff] registered its mark about eight years *after* [Defendants] used its allegedly infringing mark, the federal registration did not create a presumption of secondary meaning.") (emphasis in original).

The undersigned finds that, although Plaintiff's case was weak, Plaintiff's case was at least colorable and not objectively baseless.  Thus, the undersigned does not find that the appeal in this action meets the exceptional standard under 15 U.S.C. § 1117(a) to entitle Defendants to an award of appellate attorneys' fees.  Therefore, the undersigned recommends that Defendants' Motion for Appellate Attorneys' Fees be DENIED.

## III.    Recommendation

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion for Appellate Attorneys' Fees, ECF No. 132, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 15th day of December 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Marcia G. Cooke
All Counsel of Record